**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

| | |
|---|---|
| Earl Butterworth, III, | Appellant, |
| v. | |
| Andy Larrimore and Coastal Sand, LLC, | Defendants, |
| Of Whom Coastal Sand, LLC is the | Respondent. |
| Laurie Butterworth, | Plaintiff, |
| v. | |
| Andy Larrimore and Coastal Sand, LLC, | Defendants. |

_____

Appeal From Horry County
Steven H. John, Circuit Court Judge

_____

Unpublished Opinion No. 2012-UP-506
Submitted June 1, 2012 – Filed September 5, 2012

_____

---

**AFFIRMED**

---

Mark A. Nappier, of Murrells Inlet, for Appellant.

J. Boone Aiken, III, of Florence, for Respondent.


**PER CURIAM:** Earl Butterworth, III appeals the trial court's grant of summary judgment in favor of Coastal Sand, LLC.  On appeal, Butterworth argues genuine issues of material fact exist concerning whether a joint enterprise existed between Andy Larrimore and Coastal Sand for the transportation of Coastal Sand's box blade by Larrimore.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 56(c), SCRCP (providing summary judgment is appropriate when "the moving party is entitled to a judgment as a matter of law" and "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact"); Peoples Fed. Sav. & Loan Ass'n v. Myrtle Beach Golf & Yacht Club, 310 S.C. 132, 147, 425 S.E.2d 764, 774 (Ct. App. 1992) ("A joint enterprise exists where there are two or more persons united in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means and the agencies employed to execute such common purpose. Further, in order to constitute a joint enterprise, there must be a common purpose and community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto." (citation omitted)).

**AFFIRMED.**

**FEW, C.J., and HUFF and SHORT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.